Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MIRELIS ALEJANDRO COLÓN<br><br>Apelante<br><br>v.<br><br>NORBERTO CARLOS FIGUEORA<br><br>Apelado | KLAN202400552 | Apelación Procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.:<br>CG2023RF00920<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de julio de 2024.

El 6 de junio del año en curso, Mirelis Alejandro Colón (en adelante, la apelante) sometió ante nos una *Apelación* en la que nos solicita la revocación de la *Sentencia* emitida el 19 de abril de 2024, notificada el día 23, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI o foro primario). Por virtud del aludido dictamen, el TPI desestimó con perjuicio por falta de jurisdicción la *Demanda* sobre alimentos que esta instó contra el Sr. Norberto Carlos Figueroa (en adelante, señor Figueroa o apelado).

Examinados los planteamientos sometidos por la apelante y con el beneficio de la comparecencia de ambas partes, resolvemos **confirmar** el dictamen apelado.

-I-

El 19 de diciembre de 2023, la apelante presentó contra el apelado una *Demanda* sobre alimentos en la que reclamó una pensión alimentaria en beneficio de su hijo Carlos Julián Figueroa Alejandro de 18 años. Allí alegó que las partes estuvieron casadas desde el 7 de septiembre de 2002, hasta el

Número Identificador

SEN2024 _____

7 de junio de 2023; que el proceso de divorcio se llevó a cabo en el Estado de Illinois y que de acuerdo con la estipulación de divorcio allá presentada, el demandado se obligó a proveer una pensión alimentaria de $1,214.00 mensuales. La apelante indicó que tal obligación, según estipulado, cesaría cuando el menor cumpliera sus 18 años. No obstante, señaló que el menor reside con ella en Puerto Rico, que conforme nuestro ordenamiento jurídico, la mayoría de edad en Puerto Rico es 21 años, edad que aun su hijo no ha alcanzado y que este tenía necesidad de una pensión alimentaria, pues estudiaba a tiempo completo y no trabajaba. En virtud de todo esto, solicitó que se señalara una vista para fijar una pensión alimentaria.

Luego de varios trámites relacionados al emplazamiento del apelado, este acudió ante el foro primario mediante *Comparecencia Especial Sin Someterse a la Jurisdicción de Puerto Rico y Solicitando Desestimación por Falta de Jurisdicción.* Allí, alegó que el TPI carecía de jurisdicción para atender el asunto por no cumplirse en la situación de hechos del caso con los requisitos que la Ley 103-2015, mejor conocida como la *Ley Uniforme Interestatal sobre Alimentos para la Familia* (en adelante, Ley 103-2015) para ejercer jurisdicción sobre un individuo no residente. Así, reclamó que el divorcio entre las partes ocurrió en el Estado de Illinois; que el tribunal de tal lugar dictó una *Sentencia* en la que se estableció la obligación de alimentos en favor del hijo menor entre las partes en la que se estableció que tal compromiso cesaría cuando este cumpliera los 18 años.

Según adujo el apelado, los incisos (c) y (d) de la Sección 611 de la Ley 103-2015,[1] establecen que los tribunales no podrán modificar ningún aspecto de una orden de pensión alimentaria emitida en otro estado, incluyéndose la duración de la obligación de proveer alimentos. Así, señaló que al momento en que la apelante compareció al tribunal en reclamación de alimentos su obligación de alimentar ya había expirado en virtud de la

---

[1] 8 LPRA Sec. 1381.

sentencia emitida por el Estado de Illinois. Por tanto, y toda vez que por disposición clara de la Ley 103-2015, aseveró que el tribunal estaba impedido de extender el término de la obligación, debiéndose desestimar la *Demanda.*

El 16 de abril de 2024, el foro primario le ordenó a la apelante a expresarse en cuanto a la moción del apelado. En cumplimiento con ello, el 18 de abril del año en curso, esta sometió *Oposición a Solicitud de Desestimación por Falta de Jurisdicción Sin Renunciar a la Solicitud de Rebeldía.* En esta, señaló que, bajo las leyes de Puerto Rico, el hijo de las partes no ha advenido a la mayoría de edad. Aceptó que existió una orden de pensión alimentaria en el caso de divorcio emitida por el tribunal de Illinois y que esta venció el 5 de octubre de 2023. No obstante, expuso que en el presente caso no se estaba solicitando una modificación de dicha orden de pensión alimentaria, puesto que debido a su vencimiento no hay disposición de modificar. En contrario, señaló que la causa de epígrafe trata de una petición de una pensión alimentaria *de novo* con arreglo a las leyes de Puerto Rico, lugar donde vive el menor y jurisdicción en la que su hijo es un menor de edad con derecho a recibir alimentos.

Atendidos ambos escritos, el foro primario dictó la *Sentencia* apelada. En esta, el tribunal, tras resumir el trámite procesal relativo al caso, enunció: "Atendidos los planteamientos de la parte demanda[da] y evaluada la prueba presentada por las partes, se desestima la petición de alimentos contra la parte demandada por falta de jurisdicción sobre la materia, con perjuicio." En desacuerdo con lo resuelto, la apelante sometió *Solicitud de Reconsideración.* Esta fue declarada No Ha Lugar mediante *Orden* del 8 de mayo de 2024, notificada el día 10.

Insatisfecha aun, esta instó el recurso de epígrafe atribuyéndole error al TPI al:

> […] desestimar la petición de alimentos contra la parte demandada por falta de jurisdicción sobre la materia.

[…] desestimar la petición de alimentos contra la parte demandada por falta de jurisdicción sobre la materia con perjuicio.

[…] al considerar las alegaciones tardías contenidas en la comparecencia especial sin someterse a la jurisdicción de Puerto Rico y solicitando desestimación por falta de jurisdicción, y declarar con lugar dicha moción.

[…] declarar sin lugar la solicitud de reconsideración.

Asimismo, como quinto señalamiento de error, señaló que el foro primario incurrió en abuso de discreción al entender en los planteamientos del apelado y la prueba presentada, concluyeron que se debía desestimar la demanda con perjuicio por falta de jurisdicción sobre la materia. Atendido el recurso, emitimos *Resolución* en la que establecimos el término para que el apelado compareciera. Dentro del plazo concedido, este sometió *Alegato de la Parte Apelada*.

-II-

La Full Faith and Credit for Child Support Orders Act (en adelante, FFCCSOA) es una ley promulgada con el propósito de que ningún estado pueda modificar una determinación de pensión alimentaria que sea compatible con las leyes del estado en que se emite, a menos que se cumpla con ciertos requisitos jurisdiccionales. Cancel Rivera v. González Ruiz, 200 DPR 319, 331 (2018). En cuanto a este tipo de decretos, la norma general es **que los tribunales de cada estado están obligados a ejecutar una orden de pensión alimentaria que haya sido emitida por otro estado conforme a las disposiciones y los parámetros establecidos en la FCCSOA.**[2]

Por su parte, en nuestro ordenamiento jurídico la Ley 103-2015 es el estatuto que establece cuáles son los fundamentos para que un tribunal, dentro de un procedimiento para establecer o ejecutar una orden de

---

[2] Una orden de pensión es compatible con los parámetros de la FFCCSOA si cumple con lo siguiente: (1) a court that makes the order, pursuant to the laws of the State in which the court is located and subsections (e), (f), and (g) – (A) has subject matter jurisdiction to hear the matter and enter such an order; and (B) has personal jurisdiction over the contestant; and (2) reasonable notice and opportunity to be heard is given to the contestants. *Íd.*, a la pág. 335.

pensión alimenticia, asuma jurisdicción sobre un individuo no residente.

Ello, ocurrirá sí:

>    (1)    el individuo es emplazado o notificado personalmente en Puerto Rico;
>
>    (2)    el individuo se somete a la jurisdicción de Puerto Rico mediante un consentimiento que consta en récord, mediante la comparecencia voluntaria sin cuestionar la jurisdicción del tribunal o mediante la presentación de una alegación responsiva que tiene el efecto de una renuncia a la defensa de falta de jurisdicción sobre su persona;
>
>    (3)    el individuo residió en Puerto Rico con el menor;
>
>    (4)    el individuo residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;
>
>    (5)    el menor reside en Puerto Rico como resultado de actos o directrices del individuo;
>
>    (6)    la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de dicha relación sexual;
>
>    (7)    el individuo reconoció e inscribió al menor en el Registro Demográfico que está adscrito al Departamento de Salud de Puerto Rico; o
>
>    (8)    existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y la de los Estados Unidos para ejercer jurisdicción sobre la persona del individuo.[3]

Los fundamentos arriba listados no pueden ser utilizados para adquirir jurisdicción sobre una persona no residente con el objetivo de modificar una orden de pensión alimentaria emitida por otro estado, a menos que se cumpla con los requisitos establecidos en la Sección 611 de la Ley 103-2015. La misma, dispone como a continuación se transcribe:

> **Sección 611. — Modificación de una orden de pensión alimentaria para un menor emitida en otro estado** (8 L.P.R.A. § 1381)
>
> (a) Ante el recibo de una petición, un tribunal de Puerto Rico puede modificar una orden de pensión alimentaria para un menor emitida en otro estado y registrada en Puerto Rico, si no es de aplicación la Sección 613 de esta Ley, y si, luego de notificación y vista, el tribunal determina que:
>
>> (1) los siguientes requisitos se han cumplido:
>>
>>> (A) ni el menor, ni el alimentista ni el alimentante residen en el estado emisor;

---

[3] 8 LPRA Sec. 1301.

(B) un peticionario, que no es residente de Puerto Rico, solicita la modificación de la orden; y

(C) el peticionado está sujeto a la jurisdicción del tribunal de Puerto Rico; o

(2) Puerto Rico es la residencia del menor, o una parte que es un individuo está sujeta a la jurisdicción del tribunal de Puerto Rico, y todas las partes que son individuos han presentado consentimientos que constan en récord en el tribunal emisor para que un tribunal de Puerto Rico modifique la misma y asuma jurisdicción continua y exclusiva.

(b) La modificación de una orden de pensión alimentaria para un menor que ha sido registrada, está sujeta a los mismos requisitos, procedimientos y defensas que aplican a la modificación de una orden emitida por un tribunal de Puerto Rico, y la orden podrá ser ejecutada y satisfecha de la misma forma.

(c) Un tribunal de Puerto Rico no podrá modificar ningún aspecto de la orden de pensión alimentaria para un menor que no pueda ser modificado al amparo de la ley del estado emisor, **incluyendo la duración de la obligación de proveer alimentos.** Si dos o más tribunales han emitido órdenes de pensión alimentaria con respecto a un mismo alimentante y un mismo menor, la orden que rige o controla y debe ser reconocida al amparo de la Sección 207 de esta Ley, establecerá los aspectos de la orden de pensión alimentaria que no son modificables.

**(d) En un procedimiento para modificar una orden de pensión alimentaria para un menor, la ley del estado que se determine emitió la orden control inicial, rige la duración de la obligación de proveer alimentos. El cumplimiento del alimentante con la totalidad de su obligación de prestar alimentos, establecida por dicha orden, le impide a un tribunal de Puerto Rico imponer una obligación de alimentar más extensa.**

(e) Tras la emisión de una orden por un tribunal de Puerto Rico mediante la cual se modifica una orden de pensión alimentaria para un menor que fue emitida en otro estado, el tribunal de Puerto Rico se convierte en el tribunal con jurisdicción continua y exclusiva.

(f) A pesar de lo dispuesto en las subsecciones (a) a la (e) y la Sección 201 (b) de esta Ley, un tribunal de Puerto Rico retiene la jurisdicción para modificar una orden emitida por un tribunal de Puerto Rico si:

(1) una de las partes reside en otro estado; y
(2) la otra parte reside fuera de los Estados Unidos.

(Énfasis nuestro)

-III-

Como arriba señalamos, la apelante señaló la comisión de 5 errores. Mediante la discusión conjunta de estos, afirma que la desestimación decretada en el caso es contraria al derecho de rango constitucional que tiene su hijo menor a recibir alimentos de su padre. Así, al igual que hizo ante el TPI, reclama que el pleito de epígrafe no trata de una solicitud de

modificación de la orden de pensión alimentaria emitida por el Tribunal de Illinois, jurisdicción en la que se tramitó lo concerniente al divorcio entre las partes y en donde se estableció una orden de pensión alimentaria. En su lugar, sostiene que su reclamo es una petición nueva de alimentos en beneficio de su hijo menor y al amparo de las leyes del Estado de Puerto Rico, jurisdicción en la que reside el menor hoy en día y en la cual, por ser menor de edad ante nuestra ley, tiene derecho a recibir alimentos.

El apelado, por su parte, en su comparecencia plantea que la determinación apelada es correcta en derecho y debe sostenerse ya que, por virtud de la letra clara de la Ley 103-2015- específicamente el lenguaje del inciso (d) de la Sección 611, la ley del Estado de Illinois, jurisdicción donde se celebró el divorcio y que emitió la orden control inicial de pensión, rige la duración de proveer alimentos. Añade pues, que habiéndose decretado por tal orden de control una fecha exacta para la duración de la obligación de prestar alimentos en favor del hijo de las partes, de acuerdo con el inciso (c) de la Sección 611 de la Ley 103-2015, el foro primario estaba impedido de poder atender la reclamación. Ello así, pues hacerlo implicaría extender la duración de la obligación de prestar alimentos.

Tras un minucioso y sopesado avalúo de las disposiciones citadas en el párrafo anterior, concluimos que la desestimación de la reclamación de pensión alimentaria instada por la peticionaria resuelta por el TPI fue correcta. Esto, pues la letra de las referidas disposiciones claramente establece que la ley del estado original de una determinación sobre alimentos regirá la duración de dicha obligación. En el pleito de autos, la orden de alimentos emitida en el proceso de divorcio entre las partes se rige por la ley del Estado de Illinois. Conforme a la misma, la orden de pensión alimentaria cesaría el 5 de octubre de 2023, cuando el menor hijo de ambos cumplió 18 años.

La apelante admite que tal orden expiró. Sin embargo, aduce que ello es irrelevante, pues la causa de acción de epígrafe no pretende obtener una modificación de orden extranjera. Reclama en su lugar, que su caso trata de una petición de alimentos nueva, presentada luego de la expiración de la orden emitida por el estado de Illinois e instada al amparo de las leyes de Puerto Rico, jurisdicción en la que reside su hijo y lugar donde es menor de edad hasta los 21 años.

Estimamos que la comparecencia de la apelante ante el TPI respondió genuinamente a una búsqueda de auxilio en favor de su hijo, quien para efectos de la ley de Puerto Rico es menor de edad. Es entendible que, frente a esta particularidad, estimara que el reclamo de alimentos debía ser uno al amparo de las disposiciones del Código Civil relativas a la obligación de los padres de alimentar a sus hijos. Su propuesta, sin embargo, como correctamente señala el apelado no considera las disposiciones de leyes como el Parental Kidnapping Prevention Act y la FFCCSOA.[4] Las mismas, establecen que los tribunales de Puerto Rico deben reconocer entera fe y crédito a los decretos sobre custodia y pensión alimentaria de otros estados o jurisdicciones. Cancel Rivera v. González Ruiz, *supra,* a la pág. 331. El hecho de que la apelante se haya trasladado junto a su hijo a nuestra jurisdicción y que aquí la mayoría de edad se alcanza en una edad mayor a la que este tiene actualmente, no anula la sentencia de divorcio y orden de alimentos expedida por el estado de Illinois sobre las partes.

No albergamos duda que el derecho de alimento que reclama en favor de su hijo es aquel que nació en favor de este como consecuencia de

---

[4] La *Parental Kidnapping Prevention Act* es una ley federal promulgada en 1980 por el Congreso de Estados Unidos. Su propósito primordial es facilitar la ejecución de los decretos de los estados sobre custodia y derechos de visita, y prevenir la competencia y el conflicto interjurisdiccional. Por su parte, la FFCCSOA es una ley que se promulgó en 1994 con el propósito de que ningún estado pueda modificar una determinación de pensión alimentaria que sea compatible con las leyes del estado en que se emite, a menos que se cumpla con ciertos requisitos jurisdiccionales. Cancel Rivera v. González Ruiz, *supra.*

la disolución del matrimonio entre las partes. Sin embargo, debido a que en el caso particular de autos el proceso de divorcio habido entre las partes ocurrió en otra jurisdicción, el mismo está regido por los decretos de la sentencia allá dictada, la cual advino final y firme. Es precisamente ante esta realidad y bajo los preceptos contenidos en el aludido dictamen que el foro primario correctamente decretó que la desestimación fuera una con perjuicio.[5]

-IV-

Por los fundamentos antes expuestos, confirmamos la *Sentencia* emitida el 19 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas en el caso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Entendemos que la desestimación con perjuicio resuelta por el foro primario trata y se refiere a las disposiciones legales pertinentes relativas al derecho de alimentos de los menores de edad por disolución de matrimonio. La misma, a nuestro entender, no abarca ni trata sobre el reclamo de cualquier derecho a alimento, si alguno, que pudiese tener el hijo de las partes bajo las disposiciones pertinentes a la obligación alimentaria entre parientes incluidas en nuestro Código Civil. Esto, pues esta última no era la controversia que tenía ante su consideración.